**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on June 18, 2009, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: June 18, 2009**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 08-13700 |
| | ) | |
| LOUIS D. AMIR, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

On May 20, 2009, Donald Murphy, counsel for IMC Mortgage Corp. (IMC), filed a motion asking the Court to revoke its previous Order imposing sanctions on him (Docket #435). For the reasons stated below, the motion is denied.

JURISDICTION

This court has jurisdiction to determine this matter under 28 U.S.C. § 1334 and General Order No. 84 entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. This is a core proceeding under

---

[1] This memorandum of Opinion is not intended for official publication.

28 U.S.C. § 157(b)(2)(A).

## BACKGROUND AND PROCEDURAL HISTORY

On May 16, 2008, the debtor, Louis Amir, filed a Chapter 13 bankruptcy petition. On August 4, 2008, the case was converted to a Chapter 7 case. IMC, a creditor in the debtor's bankruptcy case, claims to the be the true owner of real property located at 1860 Surrey Place, Gates Mills, Ohio.[2]

On September 22, 2008, IMC filed a state court action in the Cuyahoga County Court of Common Pleas (Case # CV-08-671277) against several parties, including the Chapter 7 trustee and the Chapter 7 trustee's counsel, alleging that the Chapter 7 trustee was fraudulently attempting to bring the real property into the bankruptcy estate. IMC did not obtain permission from this Court or seek relief from the automatic stay before initiating the state court action.

On September 25, 2008, the Chapter 7 trustee's counsel sent Donald Murphy a letter advising Murphy and IMC that the Chapter 7 trustee would seek sanctions against both Murphy and IMC if they did not withdraw the state court action. Murphy did not withdraw the state court action.

On October 23, 2008, the Chapter 7 trustee filed a motion (Docket #171) for

---

[2] The Court, in an adversary proceeding (#08-1258), found the property to be part of the bankruptcy estate.

an Order on IMC Mortgage Corporation and its counsel, Donald Murphy, to appear and show cause as to why they should not be held in civil contempt for violating the automatic stay and the *Barton* doctrine.

On October 29, 2008, during a hearing on other matters in the *Amir* case, the Court made a point of advising Murphy, that, at least from the Court's perspective, controlling precedent from the Sixth Circuit appeared to prohibit exactly the type of lawsuit that Murphy had initiated without prior approval of this Court. The Court directed counsel to *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). Under *DeLorean*, the statutory exception which allows a trustee to be sued without leave of court applies only to actions by the trustee in carrying on business of the debtor and does not apply to the administration and liquidation of an individual debtor's bankruptcy estate. The Court also cautioned Murphy that his actions on behalf of IMC in continuing to pursue such litigation could result in his becoming personally liable for attorney's fees and other sanctions. Despite these warnings, IMC and Murphy continued to pursue the action in state court.

On November 18, 2008, the Court heard argument on the Chapter 7 trustee's motion for an order to show cause. Murphy indicated that he had filed an amended complaint in the state court action, notwithstanding the state court's November 10, 2008, Order, staying the state court action pending further action

3

from this Court. Murphy also repeated his prior arguments that the real property at issue was not part of Amir's bankruptcy estate and that 28 U.S.C. § 959 provided a statutory exception for lawsuits against a bankruptcy trustee. The Court informed Murphy that the express holding of *DeLorean* appeared to foreclose such an argument.

In an Order dated December 16, 2008 (Docket #274), this Court granted the Chapter 7 trustee's motion and ordered IMC and Murphy to appear at a hearing and show cause why they should not be held in civil contempt. No one appeared on behalf of Murphy or IMC at the hearing on January 13, 2009, although the Court did hear from counsel for the Chapter 7 trustee.

At the hearing, one of the attorneys for the Chapter 7 trustee informed the Court that on December 8, 2008, a document was filed in the state court case, which may have been intended by Murphy and IMC as a notice of voluntary dismissal. The document carries the caption "COMPLAINT FOR DAMAGES" on page one, and similarly appears on the state court's public docket as "IMC MORTGAGE CORPORATION COMPLAINT FOR DAMAGES." The third page of the document contains the caption "<u>NOTICE OF DISMISSAL</u>" and the following text:

> Plaintiff IMC Mortgage Corporation by and through undersigned

> counsel, Donald R. Murphy, hereby submits this voluntary notice of dismissal pursuant to Rule 41 (A)(1). The plaintiff does dismiss all claims asserted against the defendants without order of the court.

The accompanying certificate of service indicates: "A copy of the forgoing Motion [sic] has been sent to the below listed parties, by fax and prepaid mail on this December 05, 2008,...." Counsel for the Chapter 7 trustee indicated that none of the defendants listed on the certificate of service whom he contacted actually received a service copy of the purported notice of dismissal.

On January 20, 2009 (Docket #301), the Court found IMC and Murphy in civil contempt. The Court directed IMC and Murphy to take whatever action necessary to dismiss the state court action. In addition, the Court held that IMC and Donald Murphy were jointly and severally liable for reasonable attorney's fees incurred after October 29, 2008, by the Chapter 7 trustee and his counsel as a consequence of the filing and continued prosecution of the state court lawsuit. In order to compel future compliance and provide appropriate restitution, the Court imposed the following remedial relief:

> 1. IMC and its attorney Donald Murphy shall each pay to the clerk of the U.S. Bankruptcy Court for the Northern District of Ohio a civil fine of $100 per day for each day after January 30, 2009, that Case No. CV-08-671277 remains pending without an amended notice of voluntary dismissal having been filed.
>
> 2. Any party in interest seeking reimbursement for reasonable

> attorney's fees shall file a detailed fee application by February 4, 2009. IMC and Donald Murphy shall file any brief in response by February 18, 2009. The Court's determination of reasonable fees and procedures for reimbursement will then be the subject of further order(s) of the Court.
>
> 3. Failure to comply timely with the provisions of this order may result in further sanctions, including a referral of Donald Murphy to disciplinary authorities and the subordination of IMC's claims against the debtor's estate under 11 U.S.C. § 510(c).

Order (Docket #301) at 4.

On January 30, 2009, the Chapter 7 trustee, and counsel for the Chapter 7 trustee jointly filed fee applications seeking reimbursement of $2,878.94 and $2,739.00 respectively (Docket #316). Neither IMC nor Murphy filed a response. On February 2, 2009, Donald Murphy apparently filed an amended notice of voluntary dismissal in the state court lawsuit.

In an Order dated February 26, 2009 (Docket #359), the Court awarded attorney's fees of $2,178.94 to the Chapter 7 trustee's bankruptcy counsel, Dettlebach, Sicherman, & Baumgart, and $2,484.00 to Reminger Co., L.P.A., who were retained by the Chapter 7 trustee to deal with the state court action. Accordingly, IMC and attorney Donald Murphy were held jointly and severally liable for $4,662.94, which was to be paid to the Clerk of the U.S. Bankruptcy Court for the Northern District of Ohio on or before March 30, 2009. The Court indicated that failure to make timely payment could result in further sanctions,

6

including a referral of Donald Murphy to disciplinary authorities.

The funds were not paid to the Clerk, and in an Order dated April 16, 2009 (Docket #419), this Court found that IMC and Murphy had failed to comply with the February 26, 2009, Order. Consequently, the Court: (1) disallowed the claims of IMC (Claim #s 22 and 23) for failure to comply with the Court's orders; and (2) referred Murphy to the Cleveland Metropolitan Bar Association's Certified Grievance Committee.

On May 20, 2009 (Docket #435), Murphy filed a motion to revoke the Order imposing sanctions. Murphy contends: (1) the state court lawsuit is an exception to the *Barton* doctrine; (2) he dismissed his complaint prior to the February 26, 2009, Order of Contempt; (3) the amount of $4,662.94 in attorney fees is excessive; (4) he should not be held in contempt for "vigorously representing his client prior to a court order ordering him to follow instructions;" and (5) legal fees incurred prior to the court Order of January 13, 2009, should not be allowed.

On June 2, 2009 (Docket #444), the Chapter 7 trustee filed a response in opposition to Murphy's motion to revoke the Order imposing sanctions. The Chapter 7 trustee opposes the motion on the following grounds: (1) Murphy's motion fails to state a valid basis in law or fact upon which the relief sought should

be granted; (2) the trustee and his counsel were performing the duties placed upon them by the provisions of the Bankruptcy Code; (3) the public docket of the state court did not recognize the professed voluntary dismissal of the civil action on or before January 20, 2009; (4) the lack of response from IMC and Murphy to any of the orders of this Court, until May 20, 2009; and (5) the lack of explanation as to why the attorney fees are excessive.

## DISCUSSION

### A. The *Barton* Doctrine

Murphy takes the position that the state court action is an exception to the *Barton* doctrine, but articulates no reasoning as to why the exception applies in the current case. At an earlier proceeding, Murphy argued that the exception existed for IMC because the Chapter 7 trustee was "carrying on business" by trying to bring the real property located at 1860 Surrey Place in Gates Mills into the bankruptcy estate. As the Court stated in its Order dated December 16, 2008 (Docket #274), this is the type of activity that the Sixth Circuit has found to be outside of the *Barton* doctrine exception. *See DeLorean*, 991 F.2d at 1241. ("This exception does not apply to suits against the trustee for actions taken while administering the estate. Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate,

8

do not constitute 'carrying on business' as that term has been judicially interpreted.") (citations omitted). Here, the Chapter 7 trustee was administering the estate, not carrying on the business as interpreted by *DeLorean*; as a result, the exception to the *Barton* doctrine does not apply.

B.  Murphy's Dismissal of the Complaint

Murphy contends that he dismissed the state court action in a timely manner. The Court disagrees. In a letter dated September 25, 2008, the trustee put Murphy on notice that the state court action was improper and might result in sanctions. On October 29, 2008, the Court warned IMC and Murphy that the state court action appeared to be in contravention of the binding *DeLorean* decision and might result in sanctions. On November 18, 2008, the Court repeated this warning. Murphy took no action to correct this problem until December 8, 2008, with the filing of a purported notice of dismissal in state court. This incorrectly captioned and, presumably, unserved filing in state court did nothing to put parties or the state court on notice that the state court action was dismissed. Nor did Murphy appear at the show cause hearing on January 13, 2009, to explain what steps had been taken to effect a dismissal. Instead, it was only after the January 20, 2009, Order finding Murphy in contempt, which included a January 30, 2009, deadline for filing an amended notice of dismissal, that Murphy finally filed an amended notice

9

of dismissal on February 2, 2009.

### C. Vigorous Representation

Murphy argues that he should not be held in contempt for vigorously representing his client prior to a court order ordering him to follow instructions. As stated above, starting on October 29, 2008, this Court indicated to Murphy that from the Court's perspective, the state court action was in violation of binding Sixth Circuit case law. These warnings from the Court should have put Murphy on notice of the dangers in continuing to pursue such litigation. Murphy was aware that his pursuit of the state court action was in violation of Sixth Circuit precedent, and could result in sanctions.

### D. Excessive Attorney Fees

Murphy indicates that the $4,662.94 in attorney fees are excessive. Murphy failed to file a response to the Chapter 7 trustee and his counsel's jointly filed fee applications of January 30, 2009. As noted above, the Court held several hearings for which the Chapter 7 trustee had to prepare, and the Chapter 7 trustee was forced to retain additional counsel to deal with the state court action.

Additionally, the Court limited the attorney's fees to those incurred by the Chapter 7 trustee and his counsel after the Court had put IMC and Murphy on notice that the state court action violated *DeLorean.* The Court reviewed the fee

applications and removed charges deemed not necessary. As such, this Court found the charges to be satisfactory and not excessive.

## CONCLUSION

For the reasons stated above, Donald Murphy's motion for the Court to revoke its previous Order imposing sanctions is denied.

IT IS SO ORDERED.