**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on September 03, 2010, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: September 03, 2010**

**Arthur I. Harris
United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re: ) Case No. 08-13700
)
LOUIS D. AMIR, ) Chapter 7
)
Debtor. ) Judge Arthur I. Harris

MEMORANDUM OF OPINION[1]

This case is currently before the Court on the debtor's Emergency Motion To Stay (Docket #593) and the trustee's memorandum in opposition (Docket #595). For the reasons stated in the trustee's brief as well as the reasons stated below, the debtor's Emergency Motion To Stay is denied.

BACKGROUND

On August 5, 2010, the Bankruptcy Appellate Panel for the Sixth Circuit issued an opinion addressing four appeals by the debtor. *Simon v. Amir (In re Amir)* __B.R.__, Nos. 09-8002, 09-8012, 09-8017, 09-8051, 2010 WL 3057573

---

[1] This Memorandum of Opinion is not intended for official publication.

(6th Cir. BAP Aug. 5, 2010). The BAP affirmed: (1) this Court's February 25, 2009, Order denying the debtor's motion to strike and retroactively annul the automatic stay, and (2) this Court's March 17, 2009, Order denying the debtor's emergency motion to dismiss. *Id.* at *1. The BAP also dismissed for lack of jurisdiction the debtor's appeals from the following orders: (1) January 12, 2009, Order avoiding the prepetition transfer of the Gates Mills property; (2) February 25, 2009, Order denying the debtor's motion to void the sale of his 2007 Bentley; and (3) August 3, 2009, Orders: a) clarifying that there is no stay in effect pending appeal, b) granting the trustee's motion to change the locks, c) granting the trustee's motion to sell the Gates Mills property, and d) granting the trustee's application to employ a realtor. *Id.*

On August 13, 2010, the debtor filed an appeal of the BAP's August 5, 2010, decision to the Sixth Circuit. *Appeal docketed,* 6th Cir. No. 10-4010. As of this date, the debtor has not sought a stay of that decision from the BAP under Rule 8017 of the Federal Rules of Bankruptcy Procedure. Nor has a motion for a stay pending appeal been filed in the Sixth Circuit.

On August 17, 2010, this Court held a hearing on the debtor's amended objections to a number of different proofs of claim. The debtor did not appear. At the hearing, the Court indicated that, consistent with its April 27, 2010, Order

2

08-13700-aih    Doc 596    FILED 09/03/10    ENTERED 09/03/10 14:44:21    Page 2 of 6

extending a stay pending appeal through April 10, 2011, or entry of judgment by the BAP, whichever occurs first, that there was no longer any stay pending appeal. The Court then addressed the debtor's amended objections. On August 20, 2010, the Court issued an order (Docket #587) overruling the amended objections on various grounds, including untimeliness, the debtor's lack of standing to object, and the failure to provide evidence or legal basis to defeat *prima facie* validity. On August 30, 2010, the debtor filed a notice of appeal (Docket #589) of the order overruling the debtor's amended objections. *Appeal docketed*, 6th Cir. BAP No. 10-8066.

On September 2, 2010, the debtor filed an Emergency Motion To Stay (Docket #593). It is unclear from the debtor's motion whether he seeks a stay pending the appeal of the BAP's August 5, 2010, decision to the Sixth Circuit, the appeal of this Court's August 20, 2010, decision to the BAP, or both.

## DISCUSSION

To the extent that the debtor's Emergency Motion To Stay seeks a stay of the BAP's August 5, 2010, decision pending the debtor's appeal to the Sixth Circuit, the motion is denied. Under Rule 8017 of the Federal Rules of Bankruptcy Procedure, any such stay of the BAP decision pending appeal to the Sixth Circuit is for the BAP or the Sixth Circuit to decide, not this Court. As this Court indicated

3

in its order extending the stay pending appeal to the BAP:

> Should the Bankruptcy Appellate Panel affirm the judgment of this Court, this Court's stay pending appeal will terminate with the entry of judgment by the Bankruptcy Appellate Panel. Pursuant to Bankruptcy Rule 8017, any request for a further stay pending appeal to the United States Court of Appeals for the Sixth Circuit should be made by motion to the Bankruptcy Appellate Panel.

(Docket #568).

To the extent that the debtor's Emergency Motion to Stay seeks a stay of this Court's August 20, 2010, decision overruling the debtor's amended objections to various proofs of claim, that motion is governed by Rule 8005 of the Federal Rules of Bankruptcy Procedure. Under Bankruptcy Rule 8005, the factors to be considered by a court in determining whether a stay or injunction pending appeal should issue are: (1) whether the applicant has demonstrated a likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other interested parties; and (4) whether the public interest would be served by issuing the stay. *See Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) ("These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together."); *In re Dow Corning Corp.*, 255 B.R. 445, 542 (E.D. Mich. 2000); *In re Best Reception Sys., Inc.*, 219 B.R. 988, 992-94 (Bankr. E.D. Tenn. 1998) (applying Rule 8005 and

*Griepentrog* standard); *In re Abbo*, 191 B.R. 680, 682 (Bankr. N.D. Ohio 1996) (same).

In applying these factors to the circumstances of the debtor's appeal from the August 20, 2010, Order, the Court first concludes that the debtor's appeal has little likelihood of success on the merits. The debtor's amended objections were untimely. It is doubtful whether the debtor has standing to object. *See Normali v. O'Donnell (In re O'Donnell)*, 326 B.R. 901, Nos. 04-8054, 04-8056, 2005 WL 1279268 at *5-6 (6th Cir. BAP May 19, 2005) (table). And each of the amended objections fails to proffer evidence or a legal basis to defeat *prima facie* validity of a claim under Rule 3001(f). In addition, to the extent that the amended objections were based on grounds that the BAP has already rejected in its August 5, 2010, decision, those matters are law of the case.

As for the other factors, the absence of a stay of a decision disallowing objections to claims will not irreparably harm the debtor. In all likelihood, the appeal will be decided before any funds are ever distributed to creditors. For the same reason, a stay, if granted, would not substantially injure other parties. Finally, the public interest would be better served by having this case go forward without a stay. The debtor has already had numerous opportunities to make multiple arguments to this Court and to the BAP, which has either dismissed his

appeals or affirmed this Court. Accordingly, after weighing the relevant factors under Rule 8005, the Court denies debtor's motion for a stay pending appeal to the BAP of the August 20, 2010, decision overruling the debtor's amended objections to claims.

## CONCLUSION

For the foregoing reasons, the debtor's Emergency Motion To Stay (Docket #593) is denied.

IT IS SO ORDERED.